# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DANA ALAN FRANSEN**, | Case No. 1:16-cv-00238-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security, | |
| Defendant. | |

Andrew Wilson, Lee Ferguson P.C., 1204 W. Main St., Medford, OR 97501; Karl E. Osterhout, OSTERHOUT DISABILITY LAW LLC, 521 Cedar Way, Suite 200, Oakmont, PA 15139. Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Hebert, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201-2902; Alexis Toma, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Dana Fransen ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying his application

for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons

discussed below, the Commissioner's decision is affirmed.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A.  Plaintiff's Application

Plaintiff was born in February, 1955. AR 214. He was 56 on the alleged disability date. He speaks English and completed two years of college. AR 219. He has past work experience as the finance director for an automobile business. *Id.*

Prior to the application at issue, Plaintiff filed for a period of disability and disability insurance benefits, and was found not disabled by Administrative Law Judge ("ALJ") Laura Speck Havens on September 9, 2011. AR 86-95. Plaintiff's subsequent request for review was denied on October 5, 2012. AR 101-04. Plaintiff did not seek judicial review, and the ALJ's September 9, 2011 decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

Plaintiff again filed for DIB on November 30, 2012, alleging disability as of September 12, 2011, due to migraine headaches, anxiety, and stress. AR 196, 218. Plaintiff's applications were denied initially and upon reconsideration, and he requested a hearing before an ALJ. AR 107-17, 119-30. An administrative hearing was held before ALJ G. Ross Wheatley on April 15, 2014. AR 34-60. On May 23, 2014, ALJ Wheatley issued a written decision denying Plaintiff's application. AR 17-30. The Appeals Council denied Plaintiff's subsequent request for review on December 10, 2015, making the ALJ's decision final. AR 1-6. This appeal followed.

**B.  The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R.

§ 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.     Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.     Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.     Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.     Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 404.1560(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing

"work which exists in the national economy"). If the Commissioner fails to meet this burden, the

claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that

the claimant is able to perform other work existing in significant numbers in the national

economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d

at 1099.

## C. The ALJ's Decision

After finding that Plaintiff met the insured status requirements of the Social Security Act

through September 30, 2012, the ALJ performed the sequential analysis. AR 19. At step one, the

ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period

from his alleged onset date of September 12, 2011, through his date last insured of September

30, 2012. *Id*. At step two, the ALJ found Plaintiff suffered from the severe impairments of

migraine headaches and obesity. *Id.* At step three, the ALJ found that Plaintiff did not have an

impairment or combination of impairments that met or medically equaled a listed impairment in

20 C.F.R. Part 404, Subpart P, Appendix 1. AR 24.

The ALJ proceeded to assess Plaintiff's RFC, and determined that Plaintiff can perform

medium work with the following limitations: he can stand and walk up to six hours and sit for up

to six hours; he cannot climb ladders, ropes or scaffolds; he can frequently climb ramps and

stairs; he can frequently balance, stoop, crouch, kneel and crawl; and he should avoid all

exposure to hazardous machinery or unprotected heights. AR 24. At step four, the ALJ found

that Plaintiff was capable of performing his past relevant work as a financial director for an

PAGE 5 – OPINION AND ORDER

automotive business. AR 29. Accordingly, the ALJ concluded that Plaintiff was not disabled at any time from September 12, 2011, through September 30, 2012. AR 30.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (A) failing to adequately discuss his migraine headaches; (B) failing to perform the psychiatric review technique and adequately discuss his anxiety; and (C) improperly evaluating his subjective symptom testimony.

## A.  Migraine Headaches

Plaintiff first argues that the ALJ erred by failing properly to discuss Plaintiff's migraine headaches at step three of the sequential evaluation. The court has reviewed the ALJ's step three finding and concludes that the ALJ adequately considered Plaintiff's migraine headaches. Specifically, the ALJ properly considered the medical evidence of Plaintiff's severe impairments, including migraine headaches, in light of section 11.00 but found that Plaintiff did not meet any of the listed impairments for neurological disorders. AR 24.

Plaintiff also argues that the ALJ erred because he failed to find that Plaintiff's migraine headaches meet listing 11.03. To meet listing 11.03 for epilepsy, Plaintiff is required to provide (1) a detailed description of a typical seizure pattern, including all associated phenomena, occurring more frequently than once weekly in spite of at least three months of prescribed treatment; (2) with alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day. 20 C.F.R., Pt. 404, Subpt. P, App. 1 §11.03 (2015). Here, Plaintiff presented no citations to the record of credible evidence that he experiences alteration of awareness or a loss of

consciousness sufficient to meet the second criterion of listing 11.03.[1] Further, the ALJ is not required to state why a claimant failed to satisfy every different section of the listing of impairments. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990). On this record, the ALJ did not err by failing to find that Plaintiff met listing 11.03.

To the extent that Plaintiff also argues that the ALJ failed to incorporate limitations related to Plaintiff's migraine headaches into the RFC, he merely reiterates his prior arguments, citing no specific limitations supported by substantial evidence that were excluded from the RFC. In sum, the ALJ did not err in evaluating the record evidence of Plaintiff's migraine headaches.

**B. Anxiety**

Plaintiff next argues that the ALJ erred by failing to consider Plaintiff's anxiety at step two of the sequential analysis. The Commissioner concedes that the ALJ erred at step two because he failed to perform the psychiatric review technique ("PRT") per 20 C.F.R. § 404.1520a, but argues that this error was harmless because it does not affect the ALJ's ultimate nondisability determination.

Step two findings must be based upon medical evidence. 20 C.F.R. § 404.1520(a). The ALJ resolved step two in Plaintiff's favor and relied upon the opinions of state agency physicians R. E. Brooks, M.D., and Brady Dalton, Psy.D. AR 22-24, 111-12, 125. Both Drs. Brooks and Dalton considered the evidence of Plaintiff's anxiety, performed the PRT, and determined that Plaintiff had no more than mild limitations in any functional category. AR 112, 125. They further opined that Plaintiff had no significant cognitive or memory symptoms or psychiatric functional

---

[1] Plaintiff's briefing cites to his own reports and testimony regarding migraines but, as discussed below, the ALJ properly rejected Plaintiff's credibility and was therefore not required to credit Plaintiff's subjective complaints.

limitations during the relevant period. *Id.* The ALJ adopted these findings and incorporated them into the RFC. While the Ninth Circuit has stated that failure to perform the PRT is reversible error, *Keyser*, 648 F.3d at 725-26, it has subsequently instructed that an ALJ's error is harmless if it is inconsequential to the ultimate nondisability determination. *See Molina v. Astrue*, 674 F.3d 1104, 1115-16 (9th Cir. 2012). On this record, because the ALJ adopted the findings of the state agency physicians who performed the PRT, Plaintiff has failed to identify harmful error in the ALJ's failure to consider his anxiety and to perform the PRT. *Id.* at 1115-16.

## C. Credibility

Plaintiff argues, finally, that the ALJ improperly evaluated his subjective symptom testimony. The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*)). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must

state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Effective March 16, 2016, the Commissioner superseded Social Security Rule ("SSR") 96-7p governing the assessment of a claimant's "credibility" and replaced it with a new rule, SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider of all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements

are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

In his written decision, the ALJ considered but rejected Plaintiff's testimony to the extent that it conflicted with the RFC, following the two-step process articulated by the Ninth Circuit. AR 28-29; *Vasquez*, 572 F.3d at 591. The ALJ's reasons for rejecting Plaintiff's testimony include the fact that his symptoms improved with treatment, the fact that he was able to perform significant daily activities, and the fact that medical evidence supported the RFC and conflicted with Plaintiff's allegations of disabling impairments. *Id.* In his briefing, Plaintiff does not challenge any of the reasons provided by the ALJ in his credibility analysis. Rather, Plaintiff argues that the ALJ erred because he failed to discuss Plaintiff's "strong work history," but provides no legal argument to substantiate a claim of harmful error. Because Plaintiff has not presented legal argument that the ALJ erred in his evaluation of Plaintiff's credibility, the ALJ's credibility determination is affirmed.

## CONCLUSION

For the reasons articulated above, the ALJ's decision is affirmed.

**IT IS SO ORDERED**.

DATED this 25th day of January, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge